2020 IL App (1st) 19-2245-U
Order filed: July 28, 2020

FIRST DISTRICT
FIFTH DIVISION

No. 1-19-2245

**NOTICE:** This order was filed under Supreme Court Rule 23 and may not be cited as precedent by any party except in the limited circumstances allowed under Rule 23(e)(1).

_____

IN THE
APPELLATE COURT OF ILLINOIS
FIRST JUDICIAL DISTRICT

_____

| | | |
|---|---|---|
| FIA CARD SERVICES, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellee, | ) | Cook County. |
| | ) | |
| v. | ) | No. 11 M1 104624 |
| | ) | |
| JOHNNY JOHNSON, | ) | Honorable |
| | ) | Russell Hartigan, |
| Defendant-Appellant. | ) | Judge, presiding. |

_____

JUSTICE ROCHFORD delivered the judgment of the court.
Presiding Justice Hoffman and Justice Delort concurred in the judgment.

**ORDER**

¶ 1    *Held*:  Defendant challenged the entry of a judgment against him, however his notice of appeal did not specifically identify the judgment, the order reviving the judgment, or the order denying the motion to vacate the judgment after its revival. Even if we construed the notice of appeal as including the judgment, defendant did not timely appeal or seek a timely extension of the time to appeal from the judgment. We therefore dismissed the appeal for lack of jurisdiction.

¶ 2    In this suit to recover a credit card debt, defendant- appellant, Johnny Johnson, argues on appeal that he was not served and that plaintiff-appellee, FIA Card Services (FIA), provided insufficient evidence to support the judgment entered in its favor and also submitted false information to the circuit court. We dismiss defendant's appeal for a lack of appellate jurisdiction.

¶ 3     On January 19, 2011, plaintiff filed this suit against defendant alleging he had failed to pay the balance on his credit card and seeking damages in the amount of $44,393.46, plus costs. Defendant was served with an alias summons by substitute service on June 20, 2011, at 4349 W. Washington Boulevard, Apt. 202, Chicago, IL 60624 ("Washington address"). The service is evidenced by an affidavit of the special process server which complied with sections 2-203(a) and 2-203(b) of the Code of Civil Procedure (Code). 735 ILCS 5/2-203(a), (b) (West 2012). The alias summons directed defendant to file an appearance by July 11, 2011, or a judgment of default might be entered against him in the amount claimed. Defendant failed to file an appearance by that date.

¶ 4     As defendant was in default, the case was scheduled for a prove-up call to be held on August 29, 2011. Defendant filed a motion to vacate the default on August 24, 2011, contending that he had not been served. The motion listed his address as the Washington address. The motion did not include an affidavit or other evidentiary support for defendant's contention that he had not been served. The motion was noticed for hearing on September 26, 2011. As a result, the prove-up date was stricken.

¶ 5     On September 26, 2011, Judge Pamela Hill-Veal entered an order stating that defendant had withdrawn his "motion to quash," vacated the default, ordered defendant to file an appearance within 14 days, and set the matter for status on December 19, 2011. According to the electronic docket of the clerk of the circuit court (docket sheet), which is included in the record on appeal, defendant filed an appearance on October 7, 2011. However, the appearance itself is not in the record on appeal. It appears from the record defendant did not file an answer to the complaint.

¶ 6     On December 19, 2011, Judge Russell Hartigan entered a judgment "by agreement" against defendant for the sum sought in the complaint (the judgment). The judgment order indicated that plaintiff 's counsel was present in court but did not indicate defendant was present. The notation

on the court's half-sheet for that date states: "B/A Judgment - D in Ct. $44,393.46." The docket sheet shows that an *ex parte* default judgment was entered on December 19, 2011.

¶ 7    On October 1, 2014, FIA merged into Bank of America, National Association (Bank of America). The pleadings after this date in the circuit court referred to Bank of America as the plaintiff. A supplemental appearance of counsel, on behalf of Bank of America, was filed on September 12, 2018.[1]

¶ 8    On September 26, 2018, defendant filed a motion to vacate the judgment, claiming he did not recall having an account with Bank of America and again listing his address as the Washington address. In its written response, plaintiff argued that the motion was untimely under section 2-1401(c) of the Code. 735 ILCS 5/2-1401(c) (West 2018). On October 11, 2018, Judge Mary Kathleen McHugh entered an order striking defendant's motion.

¶ 9    On August 6, 2019, plaintiff filed a petition to revive the judgment (petition) under section 2-1602 of the Code. 735 ILCS 5/2-1602 (West 2018). The petition was personally served on defendant at the Washington address on August 23, 2019, which was evidenced by a special process server's affidavit. The petition was granted by Judge James Hanlon on August 27, 2019.

¶ 10    On September 10, 2019, defendant filed a motion to vacate the judgment on the grounds that he was not served and that the statute of limitations had run. Defendant requested that plaintiff produce a copy of a signed contract giving rise to the alleged debt. Defendant filed a second motion

---

[1] Section 2-1008(a) of the Code provides that in the case of an event causing a change or transmission of interest or liability, "the action does not abate, but on motion an order may be entered that the proper parties be substituted or added, and that the cause or proceeding be carried on with the remaining parties and new parties, with or without a change in the title of the cause." 735 ILCS 5/2-1008(a) (West 2018). No such motion appears to have been filed in the case. As such, and because any possible error with Bank of America's failure to file such a motion is immaterial in light of our conclusion that we lack appellate jurisdiction, we have retained FIA's name in the caption and continue to refer to FIA as the plaintiff.

to vacate on September 24, 2019, on the ground that he had not been provided a signed contract. Both motions listed the Washington address for defendant. Plaintiff filed a response to defendant's "Motion to Vacate and/or Quash." On October 8, 2019, Judge McHugh entered an order denying defendant's motion to quash, after specifically finding defendant had filed an appearance and striking the motion to vacate.

¶ 11    Defendant filed a motion for leave to file a late notice of appeal with this court on November 4, 2019, which referred to an order entered by Judge Hartigan as the "[j]udge, [p]residing." This motion was granted on November 15, 2019. Defendant's notice of appeal states that he is appealing from an order of June 20, 2011, entered by Judge Hartigan. In his request for relief contained in the notice of appeal, defendant asks that this case be dismissed with prejudice because he was not served and that plaintiff submitted false information to the circuit court. This filing and other filings in this court listed the Washington address for defendant.

¶ 12    On appeal, defendant continues to argue that he was not served, plaintiff did not present any evidence to prove its claim, and plaintiff submitted false information in the circuit court.

¶ 13    To begin with, defendant's appellant's brief does not comply with the requirements of Illinois Supreme Court Rule 341(h)(7) (eff. May 25, 2018). For example, defendant failed to present a jurisdictional statement or statement of facts, cite to the record on appeal, provide cogent arguments with legal authority in support of his contentions, or include an appendix. " 'The rules of procedures concerning appellate briefs are rules and not mere suggestions.' " *Hall v Naper Gold Hospitality, LLC.*, 2012 IL App (2d) 111151, ¶ 7 (quoting *Niewod v Fry*, 306 Ill App 3d 735, 737 (1999)). Defendant's *pro se* status does not relieve him of his responsibility of complying with the Supreme Court Rules. *Twardowski v. Holiday Hospitality Franchising, Inc.*, 321 Ill App 3d 509, 511(2001). Based on defendant's above-referenced failures alone, we would be justified in striking

his briefs and dismissing his appeal. See *In re Marriage of Iqbal & Khan*, 2014 IL App (2d) 131306, ¶ 14. However, because plaintiff has responded to defendant's substantive arguments in its response brief, the record is limited and the issues are not complex, we will not dismiss the appeal on this ground alone.

¶ 14    However, we must still determine whether appellate jurisdiction exists to consider defendant's appeal on the merits. Plaintiff maintains that defendant is seeking to appeal the judgment, which was entered on December 19, 2011, and therefore his appeal is untimely. Defendant did not respond to this argument in his reply brief and as discussed above has failed to provide a jurisdictional statement in his initial brief.

¶ 15    Our jurisdictional analysis will be guided by certain principles. First, a proper notice of appeal is the jurisdictional step that begins appellate review and in the absence of a complete notice, this court lacks jurisdiction and must dismiss the appeal. *General Motors Corp. v. Pappas*, 242 Ill. 2d 163, 176 (2011). The notice of appeal must specify the judgment, part of a judgment, or other orders appealed from and the relief sought from the court of review. Illinois Supreme Court Rule 303(b)(2) (eff. July 1, 2017). "A notice of appeal confers jurisdiction on a court of review to consider only the judgments or parts of judgments specified in the notice of appeal." *General Motors*, 242 Ill. 2d at 176. The notice of appeal will confer jurisdiction if, when liberally construed, it adequately sets forth the judgement from which the appellant appeals and the relief sought and gives the opposing party fair notice of the nature of the appeal. *Burtell v First Charter Service Corp.*, 76 Ill. 2d 427, 433-34 (1979).

¶ 16    Second, except as specifically provided by Illinois Supreme Court Rules, this court only has jurisdiction to review final judgments, orders or decrees. Ill S. Ct. R. 301 (eff. Feb. 1, 1994). Under Rule 303(a)(1), "[t]he notice of appeal must be filed with the clerk of the circuit court within

30 days after the entry of the final judgment appealed from," or "within 30 days after the entry of the order disposing of the last pending postjudgment motion." Ill S. Ct. R. 303(a)(1) (eff. July 1, 2017). Supreme Court Rule 303(d) provides for an extension of time to file the notice of appeal in certain circumstances, based upon a motion which is "filed in the reviewing court within 30 days after expiration of the time for filing a notice of appeal." Ill. S. Ct. R. 303(d) (eff. July 1, 2017).

¶ 17    Finally, compliance with both Rules 303(a) and 303(d) is mandatory and jurisdictional. *Gaynor v. Walsh*, 219 Ill. App. 3d 996, 1004 (1991). This court does not have authority to excuse the filing requirements of these rules. *Dus v Provena St. Mary's Hospital*, 2012 IL App (3d) 091064, ¶ 10.

¶ 18    Defendant's notice of appeal specifies that his appeal is from an order which was entered by Judge Hartigan on June 20, 2011. However, the record does not include an order which was entered on that date. The affidavit of substitute service states that service occurred on June 20, 2011. However, an appeal cannot be taken from this affidavit or from the mere act of service, as only final orders or judgments may be appealed. See *Brentline v. DaimlerChrysler Corp*. 356 Ill. App. 3d 760, 765 (2005) ("A judgment or order is final for purposes of appeal if it disposes of the rights of the parties, either on the entire case or on some definite and separate part of the controversy, and if affirmed, the only task remaining for the trial court is to proceed with execution of the judgment.")

¶ 19    In point of fact, the judgment was the only order entered by Judge Hartigan in this case. Under Rule 303, defendant was required to file an appeal within 30 days of the date of its entry, which occurred on December 19, 2011. And, under Rule 303(d), he was required to file a motion for leave to file a late notice of appeal within 30 days thereafter. Defendant did not file a timely appeal from the judgment. Instead, he filed a motion seeking leave to file a late notice of appeal

on November 4, 2019, almost 8 years after the entry of the judgment. Even if we were to liberally construe the notice of appeal as being from the judgment, defendant did not file a timely appeal from that order or a timely motion for leave to file a late notice of appeal.

¶ 20 As a result, this court lacked jurisdiction to grant defendant leave to file a late notice of appeal from the judgment and we likewise lack appellate jurisdiction to review it. *Dus*, 2012 IL App (3d) 091064, ¶ 10, quoting *People v. Lyles*, 217 Ill. 2d 201, 217 (2005) ("When an appeal is untimely under a Supreme Court rule, the appellate court has 'no discretion to take any action other than dismissing the appeal.' ") As a result we must vacate the order granting defendant leave to file a late notice of appeal and dismiss the appeal.

¶ 21 We acknowledge that defendant did raise the lack of service in his motions attacking the judgment, which were filed within 30 days of Judge Hanlon's August 27, 2019, order reviving the judgment (post-revival motions). See 735 ILCS 5/2-1602(f) (West 2018) (an order granting the revival of a judgment is final and appealable); *Dec and Aque v. Manning*, 248 Ill. App. 3d 341, 349-50 (1993) (a revival of a judgment does not cure its defects, including a lack of personal jurisdiction.) However, Judge McHugh disposed of defendant's motions on October 8, 2019. Defendant's time to appeal from the order granting the petition to revive the judgment, and the October 8, 2019 order disposing of his post-revival motions, was 30 days thereafter—on or before November 7, 2019. See Ill S. Ct. R. 303(a)(1) (eff. July 1, 2017).

¶ 22 Even under a liberal construction, defendant's notice of appeal did not include either the 2019 order reviving the judgment, or the subsequent order as to his post-revival motions, as it is apparent that defendant's notice of appeal refers only to an order entered by Judge Hartigan in 2011. Moreover, even if defendant's intent was to appeal from these orders, he would not have needed to seek an extension to file a notice of appeal on November 4, 2019, as the time to file an

appeal from those orders had not yet run. In addition, his motion to file a late notice of appeal indicated that Judge Hartigan (not Judge Hanlon or Judge McHugh) was the trial judge at issue. Thus, we also do not have jurisdiction to consider the order reviving the judgment or the order disposing of defendant's post-revival motions attacking the judgment, as these orders were not listed in the notice of appeal.

¶ 23    We understand that, by claiming that he was not served in this case, defendant argues in essence that the circuit court lacked personal jurisdiction to enter the judgment. The merits of his argument are highly questionable, however, where defendant has not offered any argument that the affidavit of substitute service was defective. Nor has he submitted any evidence to contradict the averments that substitute service was properly accomplished at the Washington address where the record reflects that defendant obviously resides, under section 2-203 of the Code. See *Four Lakes Management & Devlopment Company v. Brown*, 129 Ill. App. 3d 680, 684 (1984) (defendant has burden to rebut recitals not within the process server's personal knowledge). Additionally, we note that defendant withdrew his original motion to quash and filed an appearance, and there is some indication in the record that he agreed to the judgment. See *BAC Home Loans*, 2014 IL 116311, ¶ 18 (personal jurisdiction may be established by the party's "voluntary submission to the court's jurisdiction"). Further, both in the trial court and in this court, defendant has not supported his assertion that he was not served with evidence, argument or legal authority. See *Gillard v Northwestern Memorial Hospital*, 2019 IL App (1st) 182348, ¶¶ 50-51 (arguments not presented in the circuit court or in an appellate brief are waived or forfeited). Putting aside the merits, we reiterate that we are without appellate jurisdiction to even address defendant's personal jurisdiction challenge.

¶ 24    It is settled law that an order entered by a court lacking jurisdiction is void and may be attacked at any time, either directly or collaterally. *BAC Home Loans*, 2014 IL 116311, ¶ 17. This fundamental rule, however, "does not act to confer appellate jurisdiction on a reviewing court if such jurisdiction is otherwise absent." *EMC Mortgage Co. v Kemp*, 2012 IL 113419, ¶ 15. We may consider the issue of a void order entered by the circuit court only where the case is properly before this court and appellate jurisdiction exists. *Id.* As we have found, even if the notice of appeal could be construed to include the judgment, the notice of appeal was untimely, and we have no appellate jurisdiction as to the judgment. Further, as we have also found, the notice of appeal also does not include the order granting the petition to revive the judgment or the subsequent order disposing of the post revival motions. As a result, there is simply no appellate jurisdiction here to address defendant's jurisdictional challenge.

¶ 25    For these reasons, we vacate the order which granted defendant's motion to file a late notice of appeal and dismiss this appeal for lack of appellate jurisdiction.

¶ 26    Appeal dismissed.