2023 IL App (1st) 1220333-U

FIFTH DIVISION
February 3, 2023

No. 1-22-0333

**NOTICE**: This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

_____

IN THE

APPELLATE COURT OF ILLINOIS

FIRST DISTRICT

_____

| | | |
|---|---|---|
| *IN RE* ESTATE OF BASAVAPUNNAMMA K. RAO, Deceased. | ) ) ) | Appeal from the Circuit Court of Cook County. |
| (PADMA RAO, | ) ) | |
| Petitioner-Appellant, | ) ) | |
| v. | ) ) | No. 2013 P 6243 |
| MIDLAND TRUST COMPANY, | ) ) | Honorable James P. Murphy, |
| Respondent-Appellee.) | ) | Judge, presiding. |

_____

PRESIDING JUSTICE DELORT delivered the judgment of the court.
Justices Mitchell and Lyle concurred in the judgment.

**ORDER**

***Held***: In this decedent's estate case, this court lacks jurisdiction over an appeal which solely seeks to reverse the circuit court's approval of a single sentence in an administrator's report. The court's order was not appealable under Illinois Supreme Court Rule 304(b)(1), as it neither affected any pending claim nor the appellant's rights.

¶ 1    This appeal presents another installment in the ongoing dispute between Padma and her sister Anita over the administration of the estate of their mother, Basavapunnamma K. Rao.[1] Padma was appointed as the independent administrator of her deceased mother's estate. The circuit court later removed Padma as administrator and appointed Midland Trust Company (Midland) as the successor independent administrator. Shortly after its appointment, Midland submitted a lengthy report to the circuit court chronicling the major events following the commencement of the probate action. The circuit court approved Midland's report. Padma challenges the circuit court's approval of paragraph 45 of the report, in which Midland stated that the Supreme Court of the United States determined that Padma was not deprived of her due process rights when it found she lacked standing to challenge a settlement agreement entered into by her deceased mother's estate that she formerly administered. We dismiss Padma's appeal for lack of appellate jurisdiction.

¶ 2                                    BACKGROUND

¶ 3    The factual background and procedural posture of the underlying litigation is set forth in our disposition of Padma's prior appeal *In re Estate of Rao*, 2022 IL App (1st) 210316-U.  Here, we recite the facts relevant to this appeal, along with additional facts to provide context as needed.

¶ 4    Basavapunnamma K. Rao died testate on October 13, 2013, and was survived by her two daughters: Padma and Anita. Her will was admitted to probate shortly thereafter, and Padma was appointed as administrator of the estate.

¶ 5    A few months later, Padma filed a medical malpractice lawsuit against NorthShore University Health System and four of her mother's treating physicians. After extensive settlement negotiations, Padma signed a settlement agreement, but later changed her mind, citing hers and

---

[1] In a separate order issued today, this court has also resolved another appeal in this case. *In re Estate of Rao*, 2023 IL App (1st) 1220055-U.

her late mother's religious beliefs that purportedly did not allow settlement of disputes. The circuit court was unpersuaded by these eleventh-hour claims, and Padma moved to vacate the orders approving and reaffirming the settlement. Padma appealed various orders granting Midland's motion to withdraw Padma's motion to vacate the settlement order, denying her motion to reconsider that order, and approving the settlement order and distribution order of the medical malpractice case. This court granted Midland's motion to dismiss that appeal for lack of standing. See *In re Estate of Rao*, No. 1-19-1427 (order of Feb. 20, 2020). Undeterred, Padma filed a petition for rehearing in this court, a petition for leave to appeal in the Illinois Supreme Court, a petition for writ of certiorari in the United States Supreme Court, and a petition for rehearing regarding the denial of the petition for writ of certiorari (See *Rao v. Midland Trust Co.*, 141 S. Ct. 2626 (Mem.)). All of these efforts were unsuccessful. Her litigation in the United States Supreme Court forms the basis for the issue she raises in this appeal.

¶ 6 Around the time when Padma filed the medical malpractice lawsuit, Anita petitioned to remove her sister Padma as administrator of their mother's estate. On December 19, 2018, the circuit court granted Anita's petition and appointed Midland as successor supervised administrator with will annexed. On that day, the circuit court also ordered Midland to prepare a detailed memorandum explaining the steps it would take to ensure impartiality and fairness in its administration of the estate.

¶ 7 Midland filed its memorandum on January 11, 2019, and on January 15, 2019, the circuit court accepted Midland's memorandum. The circuit court also "authorized [Midland] to proceed with the investigation of the Law Division matter to independently investigate whether the proposed settlement is fair, reasonable, and in the best interests of the Estate."

3

¶ 8    In connection with its January 15, 2019 authorization to investigate the medical malpractice settlement, Midland prepared a report of its findings. Padma takes issue with paragraph 45 of Midland's report. That paragraph refers to Padma's litigation in the United States Supreme Court, which denied her petition for writ of certiorari and her petition for rehearing from that denial. The paragraph reads in relevant part: "As a result, it has been fully determined by the Supreme Court of the United States that Padma, as an heir and legatee of BK, was not deprived of her rights under the Due Process Clause." Padma objected, arguing that, by denying a petition for writ of certiorari, the United States Supreme Court did not "determine[]" anything regarding a possible deprivation of Padma's rights, but merely exercised its discretion in determining not to hear her appeal. Over Padma's objection, the circuit court approved Midland's report in its entirety on October 7, 2021.

¶ 9    Padma moved to reconsider its October 7, 2021, ruling, but the court denied that motion on February 1, 2022. Padma now appeals the circuit court's October 7, 2021, and February 1, 2022, orders.

¶ 10                                    ANALYSIS

¶ 11    As a threshold matter, we note that we have an independent duty to consider our own jurisdiction, whether or not the parties have raised it. *Secura Insurance Co. v. Illinois Farmers Insurance Co.,* 232 Ill. 2d 209, 213 (2009). When jurisdiction is lacking, the court must dismiss the appeal on its own motion. *Uesco Industries, Inc. v. Poolman of Wisconsin, Inc.,* 2013 IL App (1st) 112566, ¶ 73. We have no jurisdiction to review judgments, orders or decrees which are not final, unless the supreme court rules give us that authority. *EMC Mortgage Corp. v. Kemp*, 2012 IL 113419, ¶ 9. The filing of a notice of appeal from an order or judgment which the supreme court rules do not make appealable neither deprives the circuit court of jurisdiction to proceed with the

case nor vests the appellate court with jurisdiction to consider it. *King City Federal Savings & Loan Ass'n v. Ison,* 80 Ill. App. 3d 900, 902 (1980).

¶ 12     Padma claims that we have jurisdiction under Illinois Supreme Court Rule 304(b)(1) (eff. Mar. 8, 2016), which allows an appeal as a matter of right from "[a] judgment or order entered in the administration of an estate, guardianship, or similar proceeding which finally determines a right or status of a party." Only final orders are appealable under Rule 304(b)(1). *Cushing v. Greyhound Lines, Inc.*, 2012 IL App (1st) 100768, ¶ 84; *Stephen v. Huckaba*, 361 Ill. App. 3d 1047, 1051 (2005). "It is not necessary that the order resolve all matters in the estate, but it must resolve all matters on the particular issue." *Stephen*, 361 Ill. App. 3d at 1051. Final judgments fix the rights of the parties to a lawsuit and dispose of the entire controversy on the merits so that all that is left to do is execute the judgment. *Id*. at 1051-52.

¶ 13     The circuit court's approval of Midland's report did not, by itself, "finally determine[] a right or status of a party." The receipt and approval of Midland's report merely reflects that Midland, as the supervised administrator, had complied with the circuit court's prior order, which authorized Midland to "independently investigate whether the proposed settlement [of the decedent's malpractice suit was] fair, reasonable, and in the best interests of the Estate." The report was generated pursuant to that authorization, and it is little more than a chronological synopsis of the major events in the probate action following its commencement in 2013. Padma is correct that, in denying her petition for writ of certiorari, the United States Supreme Court did not adjudicate the merits of her claim that the circuit court's actions violated her due process rights. It follows that Midland's characterization of the Court's action was legally incorrect. But that characterization was essentially—and merely—an expression of Midland's opinion. When Padma objected to the characterization, the circuit court explained its ruling approving the report, stating:

"Approve means to officially agree to or accept as satisfactory. That's all I did when I signed that Order accepting and approving the report of the Supervised Administrator. Just as [the] denial of cert of Dr. Rao's makes clear [it was] not an opinion on the merits of the case[,] [n]either was my approval [of] the report. It's similarly that. It's a report. There is no controversy. I made no findings of fact. I made no findings of law. All I did was accept and approve a document updating me on the status of the Estate." Accordingly, the circuit court's approval of the report did not sanctify each word and legal conclusion within in it with a judicial *imprimatur*. The bottom line is that nothing in paragraph 45 of the report or the circuit court's order approving it "finally determined" the rights of any party. There was no judgment in the order that could be executed. Therefore, the circuit court's order approving Midland's report is unappealable as a matter of law.

¶ 14    Our lack of appellate jurisdiction is not the only reason we cannot reach the merits, if any, of this appeal. The appeal is procedurally flawed. The order approving Midland's report appears only in the appendix submitted by Padma's counsel, and not in the certified record of the court below which counsel filed. It is well-established that "an appellant has the burden to present a sufficiently complete record of the proceedings at trial to support a claim of error, and in the absence of such a record on appeal, it will be presumed that the order entered by the trial court was in conformity with law and had a sufficient factual basis." *Foutch v. O'Bryant*, 99 Ill. 2d 389, 391-92 (1984). Moreover, we may not consider documents that are not part of the certified record on appeal. *Cannon v. William Chevrolet/Geo, Inc.,* 341 Ill. App. 3d 674, 680 (2003); *Anderson v. Village of Forest Park,* 238 Ill. App. 3d 83, 90 (1992). "Attachments to appellate briefs that are not contained in the certified record on appeal cannot be used to supplement the record and are not properly before a reviewing court." *Kensington's Wine Auctioneers and Brokers, Inc. v. John Hart Finer Wine, Ltd.*, 392 Ill. App. 3d 1, 14 (2009) (citing *Cambridge Engineering, Inc. v. Mercury*

*Partners 90 BI, Inc.,* 378 Ill. App. 3d 437, 446 (2007); *Revolution Portfolio, LLC v. Beale,* 341 Ill. App. 3d 1021, 1024 (2003)). Accordingly, we cannot review the order approving Midland's report, as it appears only in the appendix that was attached to Padma's brief, and not in the certified record as required.[2]

¶ 15                                           CONCLUSION

¶ 16    For these reasons, we dismiss Padma's appeal from the circuit court's October 7, 2021, and February 1, 2022, orders.

¶ 17    Appeal dismissed.

---

[2] Throughout the appellant's brief, counsel cites to his client's appendix in support of his factual allegations and legal arguments. However, our rules do not allow that. Illinois Supreme Court Rule 341(h)(6) (eff. Oct. 1, 2020) requires the statement of facts to include "appropriate reference to the pages of the record on appeal." Similarly, Illinois Supreme Court Rule 341(h)(7) (eff. Oct. 1, 2020) requires legal arguments to be supported by "citation of the authorities and the pages of the record relied on." Supreme Court rules must be followed; they are not mere suggestions. *In re Denzel W.*, 237 Ill. 2d 285, 294 (2010).