2026 IL App (1st) 241593-U
No. 1-24-1593
Order filed May 8, 2026

Sixth Division

**NOTICE**: This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

IN THE

APPELLATE COURT OF ILLINOIS

FIRST DISTRICT

| | | |
|---|---|---|
| U.S. BANK NATIONAL ASSOCIATION, | ) | Appeal from the Circuit Court |
| | ) | of Cook County. |
| | ) | |
| Plaintiff-Appellee, | ) | |
| v. | ) | No. 19 CH 05814 |
| | ) | |
| GWENDOLYN THOMPSON; ROBERT | ) | |
| BARNEY, | ) | The Honorable |
| | ) | James T. Derico, |
| Defendants-Appellants. | ) | Judge, presiding. |

JUSTICE HYMAN delivered the judgment of the court.
Presiding Justice C.A. Walker and Justice Pucinski concurred in the judgment.

**ORDER**

¶ 1        *Held*: Affirming trial court order confirming judicial sale.

¶ 2        U.S. Bank, N.A. filed a mortgage foreclosure complaint against Gwendolyn Thompson

and her husband, Robert Barney, after they became delinquent on their loan. The trial court

entered an order of default against Barney, a summary judgment order against Thompson, and

a judgment of foreclosure for U.S. Bank. Barney appealed *pro se,* which this court dismissed

for lack of jurisdiction. Meanwhile, the trial court confirmed the judicial sale and entered a deficiency judgment.

¶ 3    Barney again appeals *pro se* arguing the trial court (i) lacked jurisdiction to confirm the foreclosure sale while his appeal was pending and (ii) failed to follow the Uniform Commercial Court, a federal executive order, and the Land Patent Act. We affirm. Barney's first appeal did not divest the trial court of jurisdiction to confirm the judicial sale because the order appealed from was not final and appealable. Further, Barney waived his UCC and executive order arguments by failing to raise them in the trial court and his sovereign citizen arguments are without merit, so we do not address them.

¶ 4                                    Background

¶ 5    Gwendolyn Thompson took out a loan from Park National Bank, secured by a mortgage on her home. Thompson's husband, Robert Barney, signed the mortgage solely to waive his homestead rights. U.S. Bank purchased Park National Bank's assets under a FDIC receivership and sued to foreclose when Thompson failed to make timely payments. Thompson and Barney initially had counsel, but their counsel withdrew and they proceeded *pro se*.

¶ 6    Non-attorney Sharon Renee-Lloyd filed a "special appearance" as a "certified land patent holder *** communicating on behalf of the land," a theory espoused by the "sovereign citizen movement." Renee-Lloyd also filed an answer to the foreclosure complaint, a motion to dismiss, and several other documents. The trial court construed some of Renee-Lloyd's filings as a petition to intervene, which it denied, along with her motion to dismiss. And the court granted U.S. Bank's motion to strike Renee-Lloyd's other filings.

¶ 7    U.S. Bank moved for an order of default, summary judgment, and judgment of foreclosure and sale. The trial court entered an order of default against Barney, a summary order against Thompson, and a judgment of foreclosure and sale.

¶ 8    Barney and Renee-Lloyd filed a notice of appeal, asking this court to dismiss the foreclosure proceeding with prejudice due to a land patent. (No. 1-23-1716). U.S. Bank moved to dismiss for lack of jurisdiction, arguing the judgment of foreclosure was not a final appealable order or include a finding under Supreme Court Rule 304(a) (eff. Mar. 8, 2016) of no just reason to delay appeal. We granted the motion, dismissed the appeal, and denied Barney's motion to vacate the dismissal.

¶ 9    Meanwhile, Thompson, Barney, and Renee-Lloyd filed an objection to the judicial sale, arguing the case should be stayed while on appeal. The trial court did not rule on the objection but re-noticed the sale. After U.S. Bank submitted the winning bid, the trial court confirmed the sale and entered a deficiency judgment.

¶ 10                                         Analysis

¶ 11    Barney asserts that once he filed a notice of appeal, the trial court no longer had jurisdiction to confirm the foreclosure sale.

¶ 12    It is true that when a proper notice of appeal is filed, the jurisdiction of the appellate court attaches, rendering the case beyond the trial court's jurisdiction. *State ex rel. Beeler, Schad and Diamond, P.C. v. Target Corp.*, 367 Ill.App.3d 860, 863 (2006). But this general rule applies only to a "proper" notice of appeal. Where the appealed order is not final and appealable, the filing of the notice of appeal does not vest this court with jurisdiction, which remains with the trial court. *Id*. at 863-64.

¶ 13    "It is well settled that a judgment ordering the foreclosure of mortgage is not final and appealable until the trial court enters an order approving the sale and directing the distribution." *EMC Mortgage Corp. v. Kemp*, 2012 IL 113419 ¶ 11. A judgment ordering the foreclosure of mortgage is not final and appealable "because it does not dispose of all the issues between the parties." *Id*. While a judgment of foreclosure is final as to the matters it adjudicates, the trial court still must consider whether to enter a later order approving the foreclosure sale. *Id*. ¶ 16 Accordingly, the order confirming the sale operates as the final and appealable order in a foreclosure case. *Wells Fargo Bank, N.A. v. McCluskey*, 2013 IL 115469, ¶ 12 (quoting *Kemp*, 2012 IL 113419 ¶ 11). The judgment of foreclosure does not terminate litigation and does not operate as the final and appealable order. *Kemp*, 2012 IL 113419 ¶ 11.

¶ 14    Barney's first appeal sought to challenge the judgment of foreclosure. That was not a final and appealable order (*EMC Mortgage Corp.*, 2012 IL 113419 ¶ 11), so the notice of appeal did not deprive the trial court of jurisdiction to confirm the judicial sale. *State ex rel. Beeler, Schad and Diamond, P.C.,* 367 Ill. App. 3d at 863.

¶ 15    Barney also contends the trial court failed to adhere to provisions of the Uniform Commercial Code, a federal executive order, and the Land Patent Act. Barney did not raise the UCC or executive order arguments before the trial court and has forfeited them. *Wells Fargo Bank, N.A. v. Maka*, 2017 IL App (1st) 153010 ¶ 24 (party that does not raise issue in trial court forfeits that issue and may not raise it for first time on appeal). Barney's contentions regarding the Land Patent Act are characteristic of "sovereign citizen" theories. We have held those theories without merit. See *Parkway Bank v. Korzen*, 2013 IL App (1st) 130380 (holding similar arguments are sanctionable). The trial court did not err by ignoring them.

¶ 16    Affirmed.