2022 IL App (1st) 220623-U

No. 1-22-0623

Filed July 14, 2022

Fourth Division

**NOTICE**: This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

IN THE

APPELLATE COURT OF ILLINOIS

FIRST DISTRICT

| | | |
|---|---|---|
| STEVARD LLC, a Delaware Limited Liability Company, | ) ) | Appeal from the Circuit Court of |
| Plaintiff-Appellant, | ) ) | Cook County. |
| v. | ) ) | |
| S-R INVESTMENTS LLC; S-R INVESTMENTS LLC—ALL CAP DOMESTIC EQUITIES SERIES; S-R INVESTMENTS LLC—EMERGING MARKETS EQUITIES SERIES; S-R INVESTMENTS LLC—GLOBAL TACTICAL ALLOCATION SERIES; S-R INVESTMENTS LLC—INTERNATIONAL DEVELOPED EQUITIES SERIES; S-R INVESTMENTS LLC—REAL ASSETS SERIES; 3232 ADDITION LLC; RES 1975 REAL ESTATE LLC; OUR 3 CUBS REAL ESTATE LLC; CRS CARIBBEAN CORP.; and CRS REAL ESTATE LLC, | ) ) ) ) ) ) ) ) ) ) ) ) | No. 21 CH 341 |
| Defendants, | ) ) | |
| S-R INVESTMENTS LLC; S-R INVESTMENTS LLC—ALL CAP DOMESTIC EQUITIES SERIES; S-R INVESTMENTS LLC—EMERGING MARKETS EQUITIES SERIES; S-R INVESTMENTS LLC—INTERNATIONAL DEVELOPED EQUITIES SERIES; S-R INVESTMENTS LLC—REAL ASSETS SERIES, | ) ) ) ) ) ) | |
| Counterplaintiffs, | ) ) | |
| v. | ) | |
| STEVARD LLC; CHRISTINE SIBRAVA; and JESSICA GARNER, | ) ) | |

No. 1-22-0623

JUSTICE MARTIN delivered the judgment of the court.
Presiding Justice Reyes and Justice Rochford concurred in the judgment.

**ORDER**

¶ 1       *Held*:   The circuit court's order imposing a constructive trust as further relief following a declaratory judgment was not an appealable interlocutory order. Appeal dismissed for lack of jurisdiction.

¶ 2       Stevard LLC (Stevard) filed a notice of appeal pursuant to Supreme Court Rule 307(a)(1) (eff. Nov. 1, 2017) from an order imposing a constructive trust. The constructive trust was requested as further relief following the circuit court's entry of declaratory judgment in favor of S-R Investments LLC and its related entities (collectively, SRI). Other claims remained pending, and the circuit court declined Stevard's request for a finding, pursuant to Supreme Court Rule 304(a) (eff. Mar. 8, 2016), that no just reason for delaying an appeal existed. We find that the order imposing a constructive trust is not appealable as of right as an interlocutory order pursuant to Rule 307(a)(1) and, therefore, we lack jurisdiction to review either the order or the underlying judgment at this time.[1]

¶ 3       I. BACKGROUND

¶ 4       After considering cross motions for judgment on the pleadings, the circuit court found in favor of defendant and counterplaintiff SRI on claims of breach of contract and declaratory judgment. Plaintiff and counterdefendant Stevard, wishing to appeal the court's September 24, 2021 order that granted judgment in favor of SRI, moved the court to make findings pursuant to

---

[1]In adherence with the requirements of Illinois Supreme Court Rule 352(a) (eff. July 1, 2018), this appeal has been resolved without oral argument upon the entry of a separate written order.

Rule 304(a). The court denied Stevard's request for Rule 304(a) findings on November 8, 2021. Subsequently, SRI requested the court impose a constructive trust on funds that Stevard had acquired through contracts that the court had declared invalid. On April 13, 2022, the court imposed a constructive trust as requested. Stevard again requested that the court make a Rule 304(a) finding that no just reason for delaying appeal existed. As before, the court declined.

¶ 5    Thereafter, Stevard filed a notice of appeal pursuant to Rule 307(a)(1), seeking to appeal (1) the circuit court's September 24 order on the parties' cross-motions for judgment on the pleadings, (2) the November 8 order denying Stevard's request for a Rule 304(a) finding, and (3) the April 13 order imposing a constructive trust. Stevard then filed an opening brief before this court arguing that the trial court erred in granting SRI judgment and imposing a constructive trust. In its brief, Stevard requests that we reverse the judgment in favor of SRI and grant its motion for judgment on the pleadings. Alternatively, Stevard requests the matter be remanded for further proceedings. In any event, Stevard requests that we vacate the order imposing a constructive trust. Stevard argues, *inter alia*, that SRI failed to trace funds in its possession that were identified as being acquired through the invalid contracts, such that those funds can become the *res* of the trust.

¶ 6    Stevard's statement of jurisdiction, as required by Supreme Court Rule 341(h)(4)(ii) (eff. Oct. 1, 2020), asserts that we have jurisdiction to hear this appeal under Rule 307(a)(1) as the April 13, 2022 order imposing a constructive trust is an interlocutory injunction. Stevard cites *In re Marriage of Winter*, 387 Ill. App. 3d 21 (2008), as authority for the appealability of an order imposing a constructive trust under Rule 307(a)(1). In addition, Stevard asserts that the September 24, 2021 order is also reviewable as it " 'bears directly on the question of whether' the constructive trust was proper." *Glazer's Distributors of Illinois, Inc. v. NWS-Illinois, LLC*, 376 Ill. App. 3d 411, 420 (2007).

¶ 7 A week after Stevard filed its opening brief, SRI filed a motion to dismiss Stevard's appeal, arguing that this court lacks jurisdiction since neither the September 24 nor April 13 orders were preliminary in nature. Instead, SRI asserts that the September 24 order was a final judgment on distinct claims and, since other claims remained pending, is only reviewable after the completion of the entire case or upon a Rule 304(a) finding that no just reason for delaying appeal exists. Further, SRI contends that the constructive trust imposed in this case is not preliminary or interlocutory in nature, thus distinguishing it from the constructive trust imposed in *Winter*.

¶ 8 We ordered that SRI's motion to dismiss would be taken with the case. SRI then filed a responsive brief and Stevard filed a reply. Stevard also moved for leave to file an answer to SRI's motion to dismiss. We likewise ordered that the motion for leave to file an answer to the motion to dismiss would be taken with the case. The answer that was attached to the motion expanded on Stevard's jurisdictional statement from its opening brief. Stevard again relied on *Winter* as authority for the appealability of a constructive trust as an interlocutory injunction.

¶ 9 II. ANALYSIS

¶ 10 Stevard argues that this court has jurisdiction to hear this matter pursuant to Rule 307(a)(1), since the trial court's April 13, 2022 order imposing a constructive trust is in the nature of an interlocutory injunction. Additionally, Stevard posits that the appealability of the April 13, 2022 order extends our jurisdiction to review the related September 24, 2021 order granting judgment to SRI. We disagree.

¶ 11 In its motion to dismiss, SRI challenges our jurisdiction, contending that the April 13, 2022 order is not appealable nor is the prior order of September 24, 2021. The appellate court has jurisdiction to review final judgments entered in the circuit court. Ill. Const. 1970, art. VI, § 6; *People v. Vara*, 2018 IL 121823, ¶ 13. Unless an appeal is permitted by supreme court rule, this

court lacks jurisdiction to review judgments, orders, or decrees that are not final. *EMC Mortgage Corp. v. Kemp*, 2012 IL 113419, ¶ 9. If we determine that we lack jurisdiction, we must dismiss an appeal. *In re Barion S.*, 2012 IL App (1st) 113026, ¶ 34.

¶ 12   Rule 307(a)(1) permits interlocutory appeals from orders granting or refusing an injunction. *Herns v. Symphony Jackson Square LLC*, 2021 IL App (1st) 201064, ¶ 14. When determining whether an order is injunctive in nature, we look to its substance, not its form. *People v. Zimmerman*, 2018 IL 122261, ¶ 19. If the order has the force and effect of an injunction, it is considered such even if labeled differently. *Santella v. Kolton*, 393 Ill. App. 3d 889, 901 (2009). An injunction is a judicial process requiring a party to do a particular thing or refrain from doing a particular thing. *Herns*, 2021 IL App (1st) 201064, ¶ 14 (citing *In re A Minor*, 127 Ill. 2d 247, 261 (1989)). However, "Rule 307(a)(1) applies only to interlocutory injunction orders that merely preserve the status quo pending a decision on the merits, conclude no rights, and are limited in duration, in no case extending beyond the conclusion of the action." *Santella*, 393 Ill. App. 3d at 903 (citing *Steel City Bank v. Village of Orland Hills*, 224 Ill. App. 3d 412, 416 (1991)). Orders that alter the status quo and are not limited in duration, on the other hand, are permanent. *Id*. Permanent orders are final and only appealable pursuant to Supreme Court Rule 301 or Rule 304(a). *Id*.

¶ 13   Here, Stevard appeals from the circuit court's April 13, 2022 order imposing a constructive trust. Stevard argues that the order is injunctive since it requires Stevard to do a particular thing, namely hold funds in trust for the benefit of SRI. Stevard relies on *Winter*, 387 Ill. App. 3d 21, as authority for the proposition that a circuit court's order imposing a constructive trust is injunctive and, therefore, appealable under Rule 307(a)(1). Indeed, this court found in *Winter* that the circuit court's order imposing a constructive trust over pension benefit payments constituted an injunction

and, as such, an interlocutory appeal was proper under Rule 307(a)(1). *Id*. at 27. The constructive trust in *Winter*, however, was a preliminary injunction, interlocutory in nature, and entered pending final resolution of the matter.

¶ 14        In *Winter*, a dissolution judgment awarded Ms. Winter a portion of Mr. Winter's pension benefits and ordered him to complete necessary documents to direct the pension fund to make payments to her. *Id*. at 24. Mr. Winter failed to fulfill his obligation and then relocated to England. *Id*. at 24-25. Ms. Winter subsequently filed a petition to freeze Mr. Winter's pension funds until he executed the required documents. *Id*. The trial court found that the more common " 'triangular approach,' " in which a court would order a pensioner to pay the former spouse her share directly while continuing to receive benefits from the fund, was unworkable since Mr. Winter was in England, beyond the court's contempt power to enforce such an arrangement. *Id*. at 25. Thus, the court concluded that Ms. Winter had no adequate remedy at law and invoked its equitable power to enjoin the pension fund from making further payments to Mr. Winter. *Id*. at 25-26. The court ordered the pension fund to send all payments to Mr. Winter's Illinois attorney who, in turn, was ordered to hold the funds in his IOLTA[2] account as trustee. *Id*. at 26. The pension fund and attorney were expressly directed to abide by the order pending further order of the court. *Id*. Mr. Winter appealed the trial court's order. *Id*.

¶ 15        The appellate court characterized the trial court's order that the attorney receive and hold the pension benefit payments pending further order as a constructive trust. *Id*. "A constructive trust is an equitable remedy that may be imposed to redress unjust enrichment caused by a party's wrongful conduct." *Eychaner v. Gross*, 202 Ill. 2d 228, 274 (2002). "Where a defendant has obtained money to which he is not entitled, under such circumstances that in equity and good

---

[2]Interest on Lawyers' Trust Account.

conscience he ought not to retain it, the rightful owners of the money can claim it through a constructive trust to avoid unjust enrichment." *In re Estate of Feinberg*, 2014 IL App (1st) 112219, ¶ 76. Ordinarily, a court imposes a constructive trust to compel the party unfairly holding money or property to convey it to whom it justly belongs. *People ex rel. Daley v. Warren Motors, Inc.*, 136 Ill. App. 3d 505, 510 (1985).

¶ 16     The *Winter* court found that the trial court properly exercised its equitable power to establish such a trust. 387 Ill. App. 3d at 37. Mr. Winter wrongly retained pension benefits that he was not entitled to, since they rightfully belonged to Ms. Winter. *Id*. A constructive trust was appropriate to avoid Mr. Winter's unjust enrichment. *Id.* A panel of this court observed that the constructive trust in *Winter* differed from a typical constructive trust since it named Mr. Winter's attorney as trustee and directed him to hold the funds "until justice could be done between Ms. Winter and Mr. Winter." *Id.* The appellate court found those features of the circuit court's order were significant, as the order was "not permanent in nature." *Id* at 27. Rather, the order was preliminary and sought to maintain the status quo at the time of the entry of the dissolution of marriage. *Id.* at 28. The manner of dividing the benefits remained to be resolved before the trial court. *Id*. at 28. Thus, this court noted that the trial court's order was injunctive and appealable pursuant to Rule 307(a)(1). *Id*. at 27.

¶ 17     The order imposing a constructive trust in this case does not have interlocutory features similar to the trust in *Winters*. It is not preliminary, nor does it merely preserve the status quo pending the final resolution of the parties' rights. The trial court has already determined the parties' rights on some claims upon which the constructive trust was entered and granted judgment to SRI on those claims. The constructive trust was solely a remedy to enforce the judgment. The court's order does not merely order Stevard to hold funds pending some further determination. To the

extent the constructive trust here is injunctive, it is permanent, not preliminary. Accordingly, it is not an interlocutory order appealable pursuant to Rule 307(a)(1). *Santella*, 393 Ill. App. 3d at 903. Therefore, we lack jurisdiction to review the April 13, 2022 order pursuant to Rule 307(a)(1). As Stevard premises our review of the September 24, 2021 order on the appealability of the April 13, 2022 order, we likewise lack jurisdiction to review the September 24, 2021 order. Accordingly, we must dismiss this appeal.

¶ 18                                III. CONCLUSION

¶ 19       For these reasons, we grant the motion to dismiss the appeal for lack of jurisdiction.

¶ 20       Appeal dismissed, motion to dismiss the appeal granted, motion for leave to file an answer to the motion to dismiss allowed.