2023 IL App (1st) 220623-UB

No. 1-22-0623

Filed January 26, 2023

Fourth Division

**NOTICE**: This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

---

IN THE

APPELLATE COURT OF ILLINOIS

FIRST DISTRICT

---

| | | |
|---|---|---|
| STEVARD LLC, a Delaware Limited Liability Company, | ) ) ) ) | Appeal from the Circuit Court of Cook County. |
|     Plaintiff-Appellant, | ) ) | |
|     v. | ) ) | |
| S-R INVESTMENTS LLC, S-R INVESTMENTS LLC—ALL CAP DOMESTIC EQUITIES SERIES, S-R INVESTMENTS LLC—EMERGING MARKETS EQUITIES SERIES, S-R INVESTMENTS LLC—GLOBAL TACTICAL ALLOCATION SERIES, S-R INVESTMENTS LLC—INTERNATIONAL DEVELOPED EQUITIES SERIES, S-R INVESTMENTS LLC—REAL ASSETS SERIES, 3232 ADDITION LLC, RES 1975 REAL ESTATE LLC, OUR 3 CUBS REAL ESTATE LLC, CRS CARIBBEAN CORPORATION, and CRS REAL ESTATE LLC, | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | No. 21 CH 341 |
|     Defendants, | ) ) | |
| S-R INVESTMENTS LLC, S-R INVESTMENTS LLC—ALL CAP DOMESTIC EQUITIES SERIES, S-R INVESTMENTS LLC—EMERGING | ) ) ) ) | |

MARKETS EQUITIES SERIES, )
S-R INVESTMENTS LLC—INTERNATIONAL )
DEVELOPED EQUITIES SERIES, )
S-R INVESTMENTS LLC—REAL ASSETS )
SERIES, )
)
     Counterplaintiffs, )
)
     v. )
)
STEVARD LLC, CHRISTINE SIBRAVA, and )
JESSICA GARNER, )
)
     Counterdefendants, )
)    Honorable
(S-R Investments LLC, Defendant )    Alison Conlon,
and Counterplaintiff-Appellee). )    Judge, Presiding.

---

JUSTICE MARTIN delivered the judgment of the court.
Justices Rochford and Reyes concurred in the judgment.

### ORDER

¶ 1    *Held*:  Supreme Court Rule 301 does not confer appellate jurisdiction to review the circuit court's orders, since neither order disposed of all claims for relief involved in the action and the circuit court made no special finding that there is no just reason for delaying appeal, as required by Supreme Court Rule 304(a).

¶ 2    In a prior order, we found that appellate jurisdiction was lacking under Illinois Supreme Court Rule 307(a)(1) (eff. Nov. 1, 2017) to review the circuit court's order imposing a constructive trust and a prior related order granting S-R Investments LLC's (SRI) motion for judgment on the pleadings. *Stevard LLC v. S-R Investments LLC*, 2022 IL App (1st) 220623-U. Thereafter, Stevard LLC (Stevard) filed a petition for leave to appeal to the Illinois Supreme Court. The supreme court denied Stevard's petition for leave to appeal but issued a supervisory order directing us to vacate our prior judgment, consider whether we have jurisdiction under Supreme Court Rule 301 (eff. Feb. 1, 1994), and determine if a different result is warranted. *Stevard LLC v. S-R Investments LLC*, No. 128798 (Ill. Nov. 30, 2022) (supervisory order). Upon our consideration, we conclude

that we lack jurisdiction under Rule 301.[1]

¶ 3                                    I. BACKGROUND

¶ 4        Stevard filed a verified complaint against SRI and its various related entities, including several "protected series" LLCs (SRI Series) created pursuant to Delaware law. See 6 Del. C. § 18-215. Stevard asserted that it had served as the designated manager of SRI's investments for several years and had earned SRI substantial returns. According to Stevard, SRI's 2016 Amended and Restated Limited Liability Company Agreement (SRI Operating Agreement), which appointed Stevard as manager, provided that Stevard's compensation would consist of (1) a flat fee of 12 basis points of assets under management and (2) a "profits interest percentage" in five of the SRI Series, with the precise percentage stated in a Certificate of Designation for each series. Stevard claimed that Certificates of Designation for the relevant SRI Series specified a profits interest of 15%. The verified complaint further alleged that disputes arose between SRI and Stevard regarding Stevard's compensation. This led Stevard to resign as the manager of SRI's investments on January 2, 2021. Stevard claimed that SRI owed it more than $1.1 million in unpaid profits interest pursuant to the terms of the SRI Operating Agreement and Certificates of Designation. In addition, Stevard alleged that the SRI Series failed to pay invoices for separate administrative and consulting services that totaled over $300,000.

¶ 5        Based on its allegations, Stevard's verified complaint set forth seven separate counts. Count I alleged SRI had breached the SRI Operating Agreement and related Certificates of Designation by failing to pay accrued profits interest and sought recovery of that amount and related damages. Count II alleged that the SRI Series breached contracts by failing to pay for contracted services and sought recovery of over $300,000 for outstanding invoices. Count III

---

[1]In adherence with the requirements of Illinois Supreme Court Rule 352(a) (eff. July 1, 2018), this appeal has been resolved without oral argument upon the entry of a separate written order.

alleged that SRI and the SRI Series acquiesced to owing Stevard's profits interest as an account stated in an amount of more than $1.1 million. Count IV alleged that the SRI Series acquiesced to owing Stevard over $300,000 as an account stated in outstanding invoices. Count V, pled in the alternative to Count I, asserted that SRI owed Stevard compensation for its investment management services, which earned SRI substantial returns, pursuant to a theory of unjust enrichment. Similarly, Count VI, pled in the alternative to Count II, asserted that the SRI Series owed Stevard for services rendered pursuant to a theory of unjust enrichment. Finally, Count VII sought a declaratory judgment that SRI and the SRI Series were bound by the SRI Operating Agreement, Certificates of Designation, and other contracts to pay Stevard the 15% profits interest and outstanding invoices.

¶ 6        SRI and the SRI Series (collectively, SRI) filed an answer and countercomplaint naming Stevard, along with its President, Christine Sibrava, and Vice President, Jessica Garner, as counterdefendants (collectively, Stevard). SRI alleged that Sibrava signed amended Certificates of Designation for four SRI Series, changing Stevard's profits interest from 0% to 15%, without approval from a majority of SRI's members as required by the SRI Operating Agreement. The Certificates of Designation only bore Sibrava's signature. Additionally, SRI alleged that Stevard entered into other self-dealing transactions on behalf of SRI and the SRI Series without approval and in violation of the SRI Operating Agreement. Further, SRI claimed that Stevard failed to provide the quarterly statements required under the SRI Operating Agreement, concealed that it had executed improper agreements, and misrepresented a profits interest "receivable" appearing on financial statements as "drawdowns to cover operating expenses." As SRI began to question the profits interest, its relationship with Stevard became more contentious. According to SRI, Stevard, through Sibrava and Garner, withdrew $12.075 million in funds from SRI's bank accounts

without notice or authorization on December 28 and 31, 2020. SRI asserts that it only discovered the withdrawals on January 25, 2021, and immediately terminated Stevard as manager retroactive to December 30, 2020. Lastly, SRI claimed that Stevard failed to turn over SRI's books and records.

¶ 7    Based on its allegations, SRI set forth eight counts in its countercomplaint. Count I alleged that Stevard breached provisions of the SRI Operating Agreement, including by (1) changing the profits interest in Certificates of Designation for the SRI Series without authorization from a majority of members, (2) failing to provide quarterly reports, (3) withdrawing funds without authorization, and (4) failing to provide SRI's records and books. For relief, SRI sought return of the withdrawn funds, return of its books and records, and compensatory damages. Counts II through VI sought the same relief based on theories of conversion (Count II), breach of fiduciary duty (Count III), constructive fraud (Count IV), fraudulent concealment (Count V), and unjust enrichment (Count VI). Count VII sought a declaratory judgment that (1) Stevard had no valid profits interest in any SRI Series and (2) Stevard lacked authority to withdraw funds from the SRI series bank accounts. Count VIII sought a preliminary injunction to enjoin Stevard from disbursing, spending, or dissipating the $12.075 million in funds withdrawn from the SRI Series bank accounts.

¶ 8    Contemporaneously, SRI filed a motion for temporary restraining order (TRO) and preliminary injunction in which SRI asked the court to order that Stevard (1) return SRI's books and record, and (2) place $12.075 million in escrow until the final resolution of the case. Stevard filed an answer to SRI's countercomplaint and a response opposing SRI's motion for a TRO or preliminary injunction. The circuit court denied SRI's motion for a TRO by written order.

¶ 9        SRI withdrew its request for a preliminary injunction and filed a motion for judgment on the pleadings on Count I (SRI's breach of contract for unpaid profits interest) and Count VII (declaratory judgment on the validity of the 15% profits interest) of Stevard's complaint. Stevard filed a cross-motion for judgment on the pleadings on the same counts. Stevard contended that the Certificates of Designation giving it a 15% profits interest were incorporated by reference in the SRI Operating Agreement as each of those documents were dated November 16, 2016. After briefing, the circuit court heard oral argument on September 15, 2021. Upon the conclusion of argument, the court made oral findings. The court found that the Certificates of Designation purporting to give Stevard a 15% profits interest in the SRI Series were not valid because the SRI Operating Agreement required that any change in the manager's profits interest must be approved by a majority of the members, which did not occur. Stevard's unilateral amendment of the Certificates of Designation, in the court's finding, also violated a separate provision of the SRI Operating Agreement requiring a majority of members to approve any transaction with the manager. For those reasons, the court granted SRI's motion for judgment on the pleadings and denied Stevard's cross-motion. On September 24, 2021, the court entered a written order referencing its rulings for the reasons stated on the record on September 15.

¶ 10       Stevard requested that the court make a special finding pursuant to Illinois Supreme Court Rule 304(a) (eff. Mar. 8, 2016) so that Stevard could take an immediate appeal of the court's September 24 order. In oral rulings on November 1, 2021, the court denied Stevard's request for a Rule 304(a) finding. The court reasoned that the September 24 order was not final since it did not dispose of a definite and separate part of the controversy. The court observed that Stevard's unjust enrichment claim was still pending, which, the court found to arise from the same or a substantially similar set of operative facts. The court noted that Stevard's claims were different analytical

approaches seeking the same essential thing: payment for its investment management services. The court further explained that its September 24 ruling narrowed the issues but did not dispose of the basic question of whether Stevard was due any compensation. In addition, the court noted that an appeal may be mooted if Stevard were to prevail on its unjust enrichment claim and permitting an immediate appeal could result in repetitive, piecemeal appeals. On November 8, 2021, the court entered a written order denying Stevard's request for a Rule 304(a) special finding and referenced the reasons stated on the record on November 1.

¶ 11       Later, SRI filed a petition for additional relief pursuant to section 2-701(c) of the Code of Civil Procedure (735 ILCS 5/2-701(c) (West 2020)). The petition asserted that, in conjunction with the withdrawal of $12.075 million from SRI's bank accounts, four promissory notes were executed on December 28, 2020, purporting to lend Stevard a total of $12.075 million from four of the SRI Series. Sibrava signed the promissory notes on behalf of both Stevard and each SRI Series. Then, Stevard, as Sibrava recounted in an affidavit, "recorded the satisfaction of the [loans] by relieving the amount of the Profits Interest that [SRI] owed Stevard pursuant to [the SRI Operating Agreement]." In other words, Stevard simply retained the loan proceeds and reduced the amount of profits interest that Stevard claimed SRI owed it by the same amount and, by so doing, declared the loans repaid. SRI argued that upon Stevard's termination as manager of SRI, the promissory notes became due. SRI further contended that since the court previously found that Stevard was not entitled to the profits interest it claimed, Stevard's "relief" of owed profits interest did not constitute repayment of the loans. For those reasons, SRI requested that the court find Stevard in breach of the notes, award SRI damages, and impose a constructive trust over the account holding the loan proceeds. Stevard filed a brief opposing SRI's section 2-701(c) petition.

¶ 12        In oral rulings announced on April 8, 2022, the court found that the promissory notes were due and payable. The court noted that this issue was independent of Stevard's pending claims for compensation from SRI. The court then went on to consider whether imposing a constructive trust was appropriate. Observing that (1) SRI alleged wrongdoing in its countercomplaint and (2) based on its prior findings, the loan proceeds were not properly acquired, the court concluded that the grounds for imposing a constructive trust were "clear and convincing."

¶ 13        On April 13, 2022, the court entered a written order referencing its April 8 findings and entered a judgment in favor of SRI in the amount of $12.075 million and imposed a constructive trust over the "loan proceeds."

¶ 14        Stevard filed a motion to reconsider on April 21, 2022. The motion requested that the court vacate either the September 24, 2021 order, the April 13, 2022[2] order, or both orders. Stevard alternatively requested that the court make a special finding pursuant to Rule 304(a) that no just reason existed for delaying appeal from either order. The record before us shows no ruling on these requests by either written order or oral ruling.

¶ 15        Stevard filed a notice of appeal on May 3, 2022. The notice stated that Stevard was appealing from (1) the circuit court's order of April 13, 2022, granting SRI's petition for further relief and imposing a constructive trust, (2) the order of September 24, 2021, granting SRI judgment on the pleadings, and (3) the order of November 8, 2021, denying Stevard's request for a special finding pursuant to Rule 304(a).[3] In its brief, Stevard asserts that the circuit court's April 13 imposition of a constructive trust was tantamount to an injunction and therefore

---

[2]The motion to reconsider refers to the court's oral ruling on April 8, 2022.
[3]Notwithstanding whether the denial of a Rule 304(a) finding is appealable, Stevard made no arguments regarding the November 8, 2021 order. Accordingly, the issue is forfeited. Ill. S. Ct. R. 341(h)(7) (eff. Oct. 1, 2020) (an appellant forfeits points not raised in their initial brief); *In re Rayshawn H.*, 2014 IL App (1st) 132178, ¶ 39.

appealable under Rule 307(a)(1). On the merits of the appeal, Stevard argued, *inter alia*, that the circuit court should have granted its motion for judgment on the pleadings since the Certificates of Designation were valid as incorporated by reference in the SRI Operating Agreement and did not constitute a change in the manager's profits interest subject to majority member approval. Stevard sought reversal of the September 24, 2021 order and vacatur of the April 13, 2022 order.

¶ 16   SRI filed a motion to dismiss the appeal, arguing that Rule 307(a)(1) applied only to preliminary injunctions and the circuit court's April 13 order did not constitute a preliminary injunction. Stevard filed a response reiterating its assertion that the April 13 order was an injunction appealable pursuant to Rule 307(a)(1). Stevard made no argument that there was any separate basis for appellate jurisdiction.

¶ 17   As noted, we agreed with SRI. In *Santella v. Kolton*, 393 Ill. App. 3d 889, 903 (2009), this court stated, "Rule 307(a)(1) applies only to interlocutory injunction orders that merely preserve the status quo pending a decision on the merits, conclude no rights, and are limited in duration, in no case extending beyond the conclusion of the action." We observed that the April 13 order in this case did not merely preserve the status quo pending further decision on the merits, it did conclude rights, and was not limited in duration. Following *Santella*, we found that the April 13 order was not interlocutory in nature to constitute an appealable injunction under Rule 307(a)(1) and, therefore, we dismissed the appeal for lack of appellate jurisdiction.

¶ 18   Stevard filed a petition for leave to appeal (PLA) to the supreme court. In its PLA, Stevard argued, *inter alia*, that Rule 307(a) should not distinguish between the appealability of preliminary and permanent injunctions. Stevard also suggested that if the April 13 order constituted a permanent injunction, then it was appealable as a final order pursuant to Rule 301. The supreme court denied Stevard leave to appeal but, in a supervisory order, directed us to vacate our prior

judgment and consider whether jurisdiction existed under Rule 301 and determine whether a different result was warranted. In a separate order, we vacated our prior judgment.

¶ 19                                    II. ANALYSIS

¶ 20        The Illinois Constitution gives the appellate court jurisdiction to review all final judgments entered in the circuit court. Ill. Const. 1970, art. VI § 6. The constitution also gives our supreme court authority to "provide by rule for appeals to the Appellate Court from other than final judgments." *Id.*; *Armstead v. National Freight, Inc.*, 2021 IL 126730, ¶ 20. Generally, an appeal may be taken only after the circuit court has resolved all claims against all parties to a cause of action. *Ely v. Pivar*, 2018 IL App (1st) 170626, ¶ 30; see also *Morningside North Apartments I, LLC v. 1000 N. LaSalle, LLC*, 2017 IL App (1st) 162274, ¶ 8 (observing that an order was final and appealable pursuant to Rule 301 since it disposed of a case in its entirety). But, when an order disposes of less than all claims against all parties in an action, its appealability is governed by Supreme Court Rule 304(a). Rule 304(a) provides:

> "If multiple parties or multiple claims for relief are involved in an action, an appeal may be taken from a final judgment as to one or more but fewer than all of the parties or claims only if the trial court has made an express written finding that there is no just reason for delaying either enforcement or appeal or both. *** In the absence of such a finding, any judgment that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties is not enforceable or appealable and is subject to revision at any time before the entry of a judgment adjudicating all the claims, rights, and liabilities of all the parties."

¶ 21        The September 24, 2021 order granting SRI's motion for judgment on the pleadings and denying Stevard's cross-motion did not adjudicate all claims between them. As the circuit court explained on November 1, 2021, when denying Stevard's request for a Rule 304(a) finding,

Stevard's claim seeking compensation for its investment management services under a theory of unjust enrichment remained pending. So, too, did Stevard's claim for unpaid invoices for services rendered to the SRI Series. Additionally, Stevard's claims for damages and return of its books and records had not been resolved. The circuit court's findings regarding the parties' disputed contract rights resolved none of those claims. Therefore, the appealability of the September 24, 2021 order is dependent on a Rule 304(a) finding.

¶ 22       Likewise, Stevard's and SRI's other claims remained pending after April 13, 2022, when the circuit court granted SRI's section 2-701(c) petition for further relief. Thus, even if the circuit court's order granting SRI's petition and imposing a constructive trust constituted a final judgment, construed as a permanent injunction or otherwise, the order's appealability was subject to a Rule 304(a) finding as it did not dispose of all claims between the parties.

¶ 23       Ultimately, since the circuit court declined to make a Rule 304(a) special finding regarding either order, Stevard's notice of appeal was premature. "Absent such a finding, if an order finally resolves one claim against one party, but other claims and/or other parties remain pending, an appeal from the final order must wait until the other matters have been resolved." *State Farm Fire & Casualty Co. v. John J. Rickhoff Sheet Metal Co.*, 394 Ill. App. 3d 548, 556 (2009) (citing *Marsh v. Evangelical Covenant Church of Hinsdale*, 138 Ill. 2d 458, 464 (1990)).

¶ 24       Apart from the pendency of other matters and lack of a Rule 304(a) special finding, we observe that the timing of Stevard's notice of appeal also impedes our jurisdiction. First, a notice of appeal must be filed within 30 days after entry of a judgment or order or after entry of the order disposing of the last pending postjudgment motion directed against the judgment or order. Ill. S. Ct. R. 303(a)(1) (eff. July 1, 2017). The timely filing of a notice of appeal is jurisdictional. *General Motors Corp. v. Pappas*, 242 Ill. 2d 163, 176 (2011). Here, Stevard filed its notice of appeal on

May 3, 2022, within 30 days from the entry of the April 13, 2022 order but well beyond 30 days after the entry of the September 24, 2021 order. A motion directed against a judgment extends the time for filing a notice of appeal. *Stanila v. Joe*, 2020 IL App (1st) 191890, ¶ 12. However, this court has held that a petition for further relief filed pursuant to section 2-701(c) is not a postjudgment motion directed against the original judgment within the meaning of Rule 303(a)(1); rather it is incidental to a declaratory judgment. *Universal Underwriters Insurance Co. v. Judge & James, Ltd.*, 372 Ill. App. 3d 372, 381 (2007) (citing *Djukas v. Grafft*, 344 Ill. App. 3d 1, 12 (2003)); see also *Nelson v. Brewer*, 2019 IL App (1st) 173143, ¶ 47. Consequently, even if the April 13 order granting SRI section 2-701(c) relief were appealable as a final order (apart from the Rule 304(a) impediment), the circuit court's original September 24, 2021 order would not be reviewable in such an appeal. *Djukas*, 344 Ill. App. 3d at 12 (finding that notice of appeal filed after order granting section 2-701(c) relief did not confer jurisdiction to review original judgment entered more than 30 days before the notice of appeal was filed).

¶ 25    Second, Stevard filed a motion to reconsider the April 13 order on April 21, 2022. The motion to reconsider was a postjudgment motion directed against the April 13 order since it requested that the circuit court vacate the April 13 order. See *Moenning v. Union Pacific Railroad Co.*, 2012 IL App (1st) 101866, ¶ 34 (stating that "to qualify as a posttrial motion" under Rule 303(a)(1), "the movant must request one or more of the types of relief set forth in section 2-1203 of the Code of Civil Procedure [735 ILCS 5/2-1203 (West 2020)]."); see also *Hanna v. American National Bank & Trust Co. of Chicago*, 176 Ill. App. 3d 938, 943 (1988) ("Among the types of relief specified in section 2-1203 is a motion to vacate the judgment being attacked."). The circuit court had not disposed of the motion to reconsider by the time Stevard filed its notice of appeal. Therefore, the notice of appeal would not be effective until the circuit court enters an

order disposing of the motion. See Ill. S. Ct. R 303(a)(2) (eff. July 1, 2017) ("When a timely postjudgment motion has been filed by any party *** a notice of appeal filed before the entry of the order disposing of the last pending postjudgment motion *** becomes effective when the order disposing of said motion or claim is entered."). Based on the record before us, the circuit court has not entered any such order. Accordingly, even if an appeal could be taken pursuant to Rule 301, Stevard's notice of appeal of the April 13 order is not yet effective.

¶ 26                                    III. CONCLUSION

¶ 27        For these reasons, we conclude that we lack jurisdiction under Rule 301 to review the orders Stevard seeks to appeal and, pursuant to the supreme court's supervisory order, find that a different result is not warranted. Accordingly, we dismiss this appeal.

¶ 28        Appeal dismissed.