2023 IL App (1st) 220855
No. 1-22-0855
Opinion filed May 19, 2023

SIXTH DIVISION

IN THE

APPELLATE COURT OF ILLINOIS

FIRST DISTRICT

| | | |
|---|---|---|
| LEGACY RE, LTD., a British Virgin Islands Insurance Company, and ROCK SOLID GELT LIMITED, a Delaware Limited Partnership, in Their Own Names as Well as in the Name of Fortuna Stream LP, a California Limited Partnership, | ) ) ) ) ) ) ) | Appeal from the Circuit Court of Cook County. |
| Plaintiffs | ) ) ) | |
| v. | ) ) | |
| 401 PROPERTIES LIMITED PARTNERSHIP, an Illinois Limited Partnership; 401 PROPERTIES, INC, an Illinois Corporation; 330 SOUTH WELLS, LLC, an Illinois Limited Liability Company; 401 LaSALLE LENDERS, LLC, an Illinois Limited Liability Company; BRIDGEVIEW BANK GROUP, as Trustee Under Trust Agreement Dated September 16, 2010, and Known as Trust Number 1-3432; THE CITY OF CHICAGO; THE CITY OF CHICAGO DEPARTMENT OF WATER MANAGEMENT; ABM JANITORIAL SERVICES-MIDWEST, LLC; and UNKNOWN OWNERS AND NONRECORD CLAIMANTS, | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | No. 14 CH 09664 The Honorable Gerald Cleary, Judge, presiding. |
| Defendants | ) ) ) ) | |
| (Rock Solid Gelt Limited, Plaintiff-Appellee; 330 South Wells, LLC, Defendant-Appellant). | ) ) | |

JUSTICE ODEN JOHNSON delivered the judgment of the court, with opinion.
Justices C.A. Walker and Tailor concurred in the judgment and opinion.

**OPINION**

¶ 1        This mortgage foreclosure action was filed by plaintiffs almost 10 years ago. In the instant appeal, defendant 330 South Wells, LLC (South Wells), appeals an interlocutory foreclosure order, issued on May 11, 2022, that, among other things, imposed a constructive trust in favor of plaintiff Rock Solid Gelt Limited (Rock Solid) over Rock Solid's share of a mortgage note. The order also transferred the case to another judge for the entry of "form orders of judgment of foreclosure" and for further proceedings including the sale of the subject property.

¶ 2        South Wells filed a notice of appeal claiming that this court had jurisdiction to hear an appeal from this interlocutory foreclosure order, pursuant to subsection (2) of Illinois Supreme Court Rule 307 (eff. Nov. 1, 2017). In its appellate brief, South Wells also asserts jurisdiction pursuant to subsections (1) and (3) of Rule 307(a). In response, Rock Solid argues that we lack jurisdiction under all three of the claimed subsections of Rule 307(a). For the following reasons, we find that we lack jurisdiction, dismiss the appeal, and remand for further proceedings.

¶ 3                                    BACKGROUND

¶ 4        On May 11, 2022, the trial court entered a detailed nine-page memorandum order that stated that the "matter was before the Court for [a] bench trial for the foreclosure of the property located at 401 S. La Salle St., Chicago." 401 Properties Limited Partnership (401 LP) is the

beneficial owner of the subject property, although the legal title to the property is held by the Chicago Land Trust Company under a land trust.

¶ 5          At issue were two mortgages, which the trial court labeled as the "BBG" note and mortgage and the "Fortuna" note and mortgage. On March 10, 2009, 401 LP obtained a loan from the Bridgeview Bank Group (BBG) for approximately $7.9 million, secured by a mortgage on the subject property, which is the BBG note and mortgage. On that same day, March 10, 2009, 401 LP also obtained a loan from Fortuna Stream LP (Fortuna), a California limited partnership, for approximately $3.2 million, which was also secured by a mortgage on the subject property, and which is the Fortuna note and mortgage. Also on March 10, 2009, 401 LP, BBG and Fortuna entered into an agreement that the Fortuna note, and mortgage were subordinate to the BBG note and mortgage.

¶ 6          On September 22, 2009, Fortuna assigned interests in the Fortuna note to plaintiffs Legacy Re, Ltd. (Legacy Re), and Rock Solid. However, in September 2018, Legacy Re assigned all its interest in the Fortuna note to Rock Solid. As a result, Rock Solid now holds a 28.4729% interest in the Fortuna note. In February 2015, South Wells acquired all of the interest in the Fortuna note, *except for* the interest currently held by Rock Solid. South Wells' interest is 71.527%.

¶ 7          On October 30, 2015, the BBG note and mortgage were acquired by Excel Acquisitions LLC (Excel). The sole shareholder of Excel is South Wells.

¶ 8          In 2014, this foreclosure action was initiated by plaintiffs Rock Solid and Legacy Re. Legacy Re still had an interest in the Fortuna note at that time. In an order dated December 8, 2014, the trial court appointed Eric Janssen of Chicago Real Estate Resources, Inc. as receiver for the subject property. As receiver, Janssen was charged with the responsibility of

"manag[ing] the property as would a reasonably prudent person." The order "authorized" Janssen "to collect all rents relating to the property" and to allocate "receipts from the operations of the real estate."

¶ 9 After holding a bench trial in connection with this foreclosure action, the trial court made a number of factual findings in its 2022 interlocutory order. First, the court found (1) that Leon Greenblatt, Andrew Jahelka, and Richard Nichols "controlled 95% of" 401 LP, which is the beneficial owner of the subject property, and (2) that these same people owned or were "the controlling entities" of another entity, "which in turn owned and controlled" South Wells. As noted above, South Wells had acquired the majority interest in the Fortuna note and the sole interest in the BBG note.

¶ 10 The trial court further found that, since the same people were both creditor and debtor, the BBG note was extinguished as a result of the merger doctrine, and the Fortuna note was extinguished up to the amount that South Wells controlled it. The trial court explained: "If those debts were not cancelled and the property was foreclosed and sold at auction, then Greenblatt, Jahelka and Nichols would obtain a double recovery ***. Such a result would be patently unfair, unjust and unwarranted."

¶ 11 The trial court found "that Rock Solid is entitled to a constructive trust" over its share of the Fortuna note. The trial court appointed "Mitchell Lieberman, who is currently the attorney for the court appointed receiver over the subject property, as the trustee of the constructive trust for the benefit of Rock Solid." The order stated that "[t]he matter is hereby transferred back to Judge Flannery in [room number] for transfer to Calendar 63 of the Chancery Division for the entry of the form orders of judgment of foreclosure and sale of the subject property."

¶ 12    On June 9, 2022, South Wells filed a notice of interlocutory appeal, and this appeal followed.

¶ 13    ANALYSIS

¶ 14    On this appeal, South Wells argues that the trial court erred in finding that the merger doctrine extinguished its interest in the Fortuna note and in imposing a constructive trust in favor of Rock Solid. South Wells argues further that there are issues with the trial court's order, such as creating a conflict of interest for the trustee, and that Rock Solid is precluded from maintaining this suit for its alleged failure to follow state registry laws. However, the first issue we must resolve is whether, as Rock Solid argues, we lack jurisdiction to hear this appeal. *People v. Brindley*, 2017 IL App (5th) 160189, ¶ 14 ("[t]he first issue we must address is the jurisdiction of this court to hear" the appeal).

¶ 15    As an appellate court, our jurisdiction is limited, and those limits are expressly set forth in our state's constitution. The Illinois Constitution provides appellate courts with the jurisdiction or authority to review final judgments entered by a trial court. Ill. Const. 1970, art. VI, § 6. Specifically, section 6 provides that "[a]ppeals from final judgments of a Circuit Court are a matter of right to the Appellate Court." Ill. Const. 1970, art. VI, § 6. As a result, an appeal to this court is generally taken only after a trial court has resolved all claims against all parties in an action. *Ely v. Pivar*, 2018 IL App (1st) 170626, ¶ 28.

¶ 16    However, section 6 of article 6 also provides that "[t]he Supreme Court may provide by rule for appeals to the Appellate Court from other than final judgments of Circuit Courts." Ill. Const. 1970, art. VI, § 6. Thus, when we are presented with a nonfinal judgment, our authority to hear that appeal is based solely on what our supreme court has permitted us to hear under its rules. *EMC Mortgage Corp. v. Kemp*, 2012 IL 113419, ¶ 9 ("absent a supreme court

5

rule, the appellate court is without jurisdiction to review" nonfinal orders). If we lack jurisdiction, we must dismiss the appeal. *In re Barion S.*, 2012 IL App (1st) 113026, ¶ 34 (if we determine we lack jurisdiction, we must dismiss the appeal).

¶ 17        As noted above, the appellant here asserts jurisdiction under the first three subsections of Rule 307(a), that provide, in relevant part:

"(a) An appeal may be taken to the Appellate Court from an interlocutory order of court:

(1) granting, modifying, refusing, dissolving, or refusing to dissolve or modify an injunction;

(2) appointing or refusing to appoint a receiver or sequestrator ***;

(3) giving or refusing to give other or further powers or property to a receiver or sequestrator already appointed[.]" Ill. S. Ct. R. 307(a) (eff. Nov. 1, 2017).

¶ 18        Starting first with the first subsection quoted above, we observe that subsection (1) of Rule 307(a) "applies only to interlocutory injunction orders that merely preserve the status quo pending a decision on the merits, conclude no rights, and are limited in duration, in no case extending beyond the conclusion of the action." *Santella v. Kolton*, 393 Ill. App. 3d 889, 903 (2009). Rule 307(a)(1) "does not apply to permanent orders, which are orders that are not limited in duration and alter the status quo." *Santella*, 393 Ill. App. 3d at 903. Permanent orders "constitute final orders and are only appealable under Rule 301 or 304(a), if those rules are applicable." *Santella*, 393 Ill. App. 3d at 903.

¶ 19        In the case at bar, the order at issue was a permanent order not subject to review under Rule 307(a)(1). The permanency of the order is evidenced by the fact that the constructive

trust, imposed by the trial court, altered the status quo, concluded the rights of the parties, and was not limited in duration. Thus, we do not have jurisdiction pursuant to subsection (1) of Rule 307(a).[1] *In re Marriage of Winter*, 387 Ill. App. 3d 21, 27 (2008) (a constructive trust was *not* permanent where it "preserve[d] the status quo of the marital estate" for further proceedings);[2] see also *In re Marriage of Tetzlaff*, 304 Ill. App. 3d 1030, 1038 (1999) (appeal dismissed where this court did not have jurisdiction under Rule 307(a)(1) to review an order placing monies in an escrow account).

¶ 20       In support of its argument that jurisdiction is proper under subsection (1), South Wells cites *In re A Minor*, 127 Ill. 2d 247, 253, 263 (1989), in which our supreme court found appealable under this subsection an interlocutory order by a trial court forbidding a local paper from publishing the name and whereabouts of a minor who had been charged in connection with a fatal shooting. In that case, the State asserted that the issue was moot on the ground that the order would not survive the termination of the juvenile proceeding; however, the supreme court found an exception to the mootness doctrine, since the order concerned an event of short duration capable of repetition, yet evading review. *In re A Minor*, 127 Ill. 2d at 258. The case at bar, which involves imposing a constructive trust on funds, bears little resemblance to *In re A Minor*, which involved a prior restraint on publication and the inherently short shelf-life of

---

[1] On appeal, Rock Solid relied on *Stevard LLC v. S-R. Investments LLC*, 2022 IL App (1st) 220623-U, where this court considered whether appellate jurisdiction existed pursuant to Rule 307(a)(1) over a trial court order that imposed a constructive trust. However, the supreme court directed this court to vacate its judgment in *Stevard* and consider whether jurisdiction existed under Rule 301, which we did. *Stevard LLC v. S-R. Investments LLC*, 2023 IL App (1st) 220623-UB. As such, we do not find *Stevard* to be analogous to the case at bar and will not rely on it in our analysis.

[2] South Wells also cites in support the almost half-century old appellate case of *American Re-Insurance Co. v. MGIC Investment Corp.*, 73 Ill. App. 3d 316, 323-25 (1979), where the appellate court chose to exercise jurisdiction under Rule 307(a), in order to review a deposit order that a trial court had entered *ex parte*. The appellate court noted the need "to permit the interlocutory review of a court's equitable discretion to prevent its abuse." *American Re-Insurance*, 73 Ill. App. 3d at 324. The instant case is far from *ex parte*, with every issue well-argued and well-briefed by all.

newsworthiness. See *In re Marriage of Eckersall*, 2015 IL 117922, ¶ 17 (distinguishing *In re A Minor*, since it involved a "newspaper's interest in the publication of newsworthy information").

¶ 21        In its appellate brief, South Wells quotes the part of *In re A Minor*, which quoted an 1869 case as describing an injunction as " 'a judicial process, by which a party is required to do a particular thing, or to refrain from doing a particular thing, according to the exigency of the writ.' " *In re A Minor*, 127 Ill. 2d at 261 (quoting *Wangelin v. Goe*, 50 Ill. 459, 463 (1869)). However, shortly after the quote, the supreme court observed that "[n]ot every nonfinal order of a court is appealable, even if it compels a party to do or not do a particular thing." *In re A Minor*, 127 Ill. 2d at 261-62. The supreme court found that a nonfinal order was not appealable if it did "not affect the relationship of the parties in their everyday activity apart from the litigation." *In re A Minor*, 127 Ill. 2d at 262. In the case at bar, the constructive trust imposed on anticipated sale proceeds, for Rock Solid's amount of the mortgage note, did not affect the relationship of the parties in their everyday activity apart from the litigation. Thus, the rule does not authorize us to engage in piecemeal appeals in this case.

¶ 22        We turn next to subsections (2) and (3), which concern the appointment or refusal to appoint a receiver or the giving or refusal to give further powers to an already appointed receiver. Ill. S. Ct. R. 307(a)(2), (3) (eff. Nov. 1, 2017). In support of jurisdiction, South Wells quotes *In re Marriage of Padilla*, 2022 IL App (1st) 200815, ¶ 17, where this court found jurisdiction under subsections (2) and (3) "[b]ecause one of the trial court's *** orders [at issue] appointed a receiver over respondent's estate and the other gave certain powers to that receiver." In the case at bar, the trial court's nine-page order stated in one line: "As a consequence of finding a constructive trust over Rock Solid's share of the Fortuna Note, the

Court hereby appoints Mitchell Lieberman, who is currently the attorney for the court appointed receiver over the subject property, as the trustee of the constructive trust for the benefit of Rock Solid." However, as this line indicates, Lieberman was neither the receiver himself nor appointed to be a receiver in this order.[3] Thus, the express words of the rule do not apply.

¶ 23    A receiver is different from a constructive trustee, as this case aptly illustrates. A receiver is authorized to take possession of and manage the property "for the benefit of the party ultimately entitled." *In re Marriage of Pick*, 167 Ill. App. 3d 294, 299 (1988). In the case at bar, the 2014 order appointing Eric Janssen of Chicago Real Estate Resources, Inc., as receiver, ordered him "to manage the property as would a reasonably prudent person." The order "authorized" him "to collect all rents relating to the property" and to allocate "receipts from the operations of the real estate." In contrast to these powers that the receiver was authorized to exercise outside the presence of the court, Lieberman held the place of constructive trustee as the case was transferred back to the auspices of another judge to oversee the entry of further orders and the sale of the property. The positions here, of receiver and trustee, with their disparate levels of responsibility, are not comparable.

¶ 24    "It is well settled that a judgment ordering the foreclosure of mortgage is not final and appealable until the trial court enters an order approving the sale and directing the distribution." *EMC Mortgage Corp.*, 2012 IL 113419, ¶ 11. "The reason such a judgment is not final and appealable is because it does not dispose of all issues between the parties and it does not terminate the litigation." *EMC Mortgage Corp.*, 2012 IL 113419, ¶ 11. Similarly, in the case

---

[3] Later, in South Wells' appellate brief, South Wells makes substantive arguments with respect to attorney Lieberman, as distinct from the role of receiver. However, South Wells cannot have it both ways: Lieberman cannot be the receiver for purposes of jurisdiction and then be the attorney for purposes of arguing a conflict with, among others, the receiver.

at bar, the order at issue here did not terminate the litigation, but expressly contemplated further proceedings. "[A]lthough a judgment of foreclosure is final as to the matters it adjudicates," it is not appealable, "because the trial court has still to enter a subsequent order approving the foreclosure sale and directing distribution." *EMC Mortgage Corp.*, 2012 IL 113419, ¶ 11. Similarly, in the case at bar, the order was final as to the matters it adjudicated, but it was not appealable, because the trial court still had to enter subsequent orders. "Accordingly, it is the order confirming the sale, rather than the judgment of foreclosure, that operates as the final and appealable order in a foreclosure case." *EMC Mortgage Corp.*, 2012 IL 113419, ¶ 11. We choose not to upset this well-settled rule regarding foreclosure orders. Where "any inequity in the temporary order could be addressed before the final" order by the trial court, "an interlocutory appeal was not appropriate." *Tetzlaff*, 304 Ill. App. 3d at 1038.

¶ 25                                                    CONCLUSION

¶ 26            Since this is an appeal from an interlocutory foreclosure order and we lack jurisdiction pursuant Rule 307(a), we must dismiss the appeal. There is no reason or justification for either more delay or piecemeal litigation in this decade-old foreclosure action.

¶ 27            Appeal dismissed.

*Legacy Re, Ltd. v, 401 Properties, Ltd. Partnership*, **2023 IL App (1st) 220855**

| | |
|---|---|
| **Decision Under Review:** | Appeal from the Circuit Court of Cook County, No. 14-CH-09664; the Hon. Gerald Cleary, Judge, presiding. |
| **Attorneys for Appellant:** | Robert G. Black, of Law Offices of Robert G. Black, P.C., of Naperville, for appellant. |
| **Attorneys for Appellee:** | Lawrence M. Benjamin, of Reed Smith LLP, of Chicago, for appellee. |