2023 IL App (1st) 221296-U

No. 1-22-1296

Order filed November 17, 2023

Sixth Division

**NOTICE:** This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

_____

IN THE

APPELLATE COURT OF ILLINOIS

FIRST DISTRICT

_____

| | | |
|---|---|---|
| THE CITY OF CHICAGO, a municipal corporation, | ) ) | Appeal from the Circuit Court of |
| Plaintiff-Appellee, | ) ) | Cook County. |
| v. | ) ) | |
| FIRST MIDWEST BANK SUCCESSOR BY MERGER TO STANDARD BANK TR# 18813; DENHAM, INC. C/O MELANIE RENEE DENHAM; MELANIE DENHAM; UNKNOWN OWNERS and NON-RECORD CLAIMANTS, | ) ) ) ) ) ) | No. 18 M1 402932 |
| Defendants | ) ) | Honorable Patrice Ball-Reed, |
| (HELENE MILLER, Impleaded Tenant[1]-Appellant). | ) | Judge, presiding. |

JUSTICE C.A. WALKER delivered the judgment of the court.
Presiding Justice Oden Johnson and Justice Tailor concurred in the judgment.

**ORDER**

_____

[1] Ms. Miller's party status in this case is not clear due to an incomplete record. She was a tenant in the subject residential building who was impleaded into the case four years after it was filed. It appears she was impleaded as a defendant, but there is no indication in the record to confirm that status.

¶ 1    *Held*:   Appeal dismissed for lack of jurisdiction where the order appealed from was not a final and appealable order.

¶ 2    In 2018, plaintiff, the City of Chicago (the City), filed a complaint in the circuit court of Cook County alleging that numerous violations of the City's municipal code had occurred at a residential building located at 6219 South Ashland Avenue, owned by defendants First Midwest Bank Successor by Merger to Standard Bank Tr# 18813, Denham, Inc. c/o Melanie Renee Denham, Melanie Denham, unknown owners, and non-record claimants. On June 30, 2022, the circuit court ordered that Helene Miller, a tenant and occupant of the building, be impleaded into the case with two other named tenants. On August 24, 2022, Ms. Miller filed a *pro se* notice of appeal asking this court to strike a September 8, 2022 "court date for further hearings" in the circuit court. We dismiss this appeal for lack of jurisdiction because the order Ms. Miller attempted to appeal from is not a final and appealable order.

¶ 3                                    **BACKGROUND**

¶ 4    The record on appeal consists solely of one volume of the common law record containing court documents. There is no report of proceedings. The record shows that on September 4, 2018, the City filed a complaint against defendants alleging they failed to comply with the municipal code. Specifically, the complaint alleged that the defendants permitted construction work which joined three buildings together (forming one 36-unit hotel) without submitting plans prepared by an architect or structural engineer for approval and obtaining a renovation permit. Defendants also failed to obtain a certificate of occupancy. Additional violations included defective smoke detectors, no carbon monoxide detectors, damaged fire separations in the boiler rooms, stairwell fire doors that were propped open and had inoperable self-closing devices, no posted floor plans anywhere in the hotel, and a severe rat infestation.

¶ 5    The City determined the building did not comply with the minimum health and safety standards set forth in the building code. It requested that the circuit court (1) fine defendants $5500 per day, (2) issue a temporary and permanent injunction requiring defendants to correct the violations, (3) appoint a receiver to correct the conditions (if necessary), and (4) authorize the City to demolish, repair, enclose, or clean up the premises (if necessary).

¶ 6    The case was continued for case management multiple times over the next four years.

¶ 7    On April 28, 2022, a tenant of the building, Evone McCoy, filed an emergency petition to intervene on behalf of herself and all other tenants. She alleged defendants threatened to lock out herself and other tenants, placing them at imminent risk of homelessness. Ms. McCoy contemporaneously filed an emergency motion for a temporary restraining order "to prevent an illegal lock-out and for other damages."

¶ 8    On April 29, 2022, the City filed an emergency petition to appoint a general receiver to correct the building's conditions that failed to conform with the minimum standards of health and safety. The City asserted that defendants had received due notice to correct the unhealthy and unsafe conditions but had failed to do so.

¶ 9    At a hearing held the same day, the circuit court granted Ms. McCoy's petition to intervene. The order further indicated that defendant Denham, Inc. had agreed not to close or remove any tenants from the building until further order of the court.

¶ 10    On May 3, 2022, the circuit court granted the City's petition and appointed Community Initiative, Inc. (CII) as general receiver of the subject property. CII was granted authority to take immediate control over management of the property including collecting rents, making repairs,

and maintaining the property. CII hired Pioneer Property as the onsite property manager. On the same date, Ms. McCoy withdrew her motion for a temporary restraining order without prejudice.

¶ 11 At a hearing on June 30, 2022, the circuit court continued CII's general receivership and ordered CII to collect rent from all existing tenants at the rate of $400 per month until further order of the court. The court further ordered to "implead with summons to issue, tenants and occupants: Helene Williams unit 11; Evone McCoy #15, [and] Niyani Smith, unit 100."

¶ 12 On July 15, 2022, Ms. Miller, acting *pro se*, filed her appearance in this case and attached a separate document entitled "Appearance, Objection to summons as a Defendant Name Helene Williams, Correction of correct legal name, Etc." Therein, Ms. Miller stated that she was no longer known as Helene Williams and asked that the record be changed to reflect her correct legal name as Helene Tonique Laurent Miller. Ms. Miller further stated that she was an "appointed elections judge" and, thus, was a "representative" of the City's Board of Elections. Ms. Miller stated that she wanted to file a counter claim against defendants for illegally charging rent while being sued in this case. She claimed she had been charged monthly rent of $750 from March 2019 through June 2021. She further claimed she had used "Pandemic/Covid 19 benefits" to pay her rent since March 2020. Ms. Miller stated that she did not know of the lawsuit or the identity of the property managers. Ms. Miller stated that she was not filing her appearance as a defendant but, instead, was appearing "as part of the City of Chicago as an appointed judge in the 9th Precinct and for the 16th Ward." In the caption of her appearance and pleading, Ms. Miller designated herself as a plaintiff with the City.

¶ 13 On July 25, 2022, Ms. Miller filed a *pro se* document entitled "Notice of Filing!" in which she stated that she was not "an actual defendant" in this case but, instead, was "a witness who was

also hired by the 'City of Chicago's Board of Elections.' " Ms. Miller stated that she was "a witness who's a tenant" at the subject property. Ms. Miller further stated, "I plead the 5th on any allegations of being known as Helene Williams." In addition, Ms. Miller stated that, due to being a disabled veteran, "I'd like my 14 amendment rights of immunity to be protected as powers vested upon me in this court of law."

¶ 14    The next day, Ms. Miller filed a *pro se* pleading entitled "Notice of filing/Retaliation!" Therein, Ms. Miller stated that she was not a defendant but, instead, was a witness for the City who was told to testify in court regarding the mismanagement and living conditions at the subject property. Ms. Miller claimed that after she filed her appearance in this case, Pioneer Property Advisors entered her unit without permission and left a notice threatening to evict her if her rent was not paid. Ms. Miller claimed Pioneer had filed a separate eviction case against her in retaliation for her filing her appearance as a witness in this case. Ms. Miller filed a police report against Pioneer for criminal trespass to a residence. Ms. Miller asserted that Pioneer's eviction case should be struck or dismissed due to the proceedings pending in this case.

¶ 15    Following a hearing on July 28, 2022, the circuit court ordered that CII's general receivership would continue, as would the order for reduced rental payments of $400 per month. The court also continued the City's "request to vacate," which is not contained in the record on appeal and, thus, the details of that request are unknown. In addition, the court ordered CII to complete a feasibility study for the repairs to the property capped at $1500. The court continued the case until September 8, 2022.

¶ 16    On August 22, 2022, a *pro se* notice of appeal was filed asking this court to strike or vacate the circuit court's order entered July 28, 2022, and move the case to the appellate court. Whomever

completed the notice of appeal form, which was downloaded from the Illinois Courts website, indicated that the defendants were the appellants and signed the form as "First Midwest Bank et Al." There is no indication in the record that any further action was taken with this notice of appeal.

¶ 17    On August 24, 2022, Ms. Miller filed a *pro se* notice of appeal indicating she was the appellant and the City was the appellee. For relief, Ms. Miller indicated she was asking this court to "Strike September 8th, 2022 court date for further hearings in room 1105." Ms. Miller did not indicate the date of the judgment she was appealing.

¶ 18                                                      **ANALYSIS**

¶ 19    On appeal, Ms. Miller challenges documents that were filed in this case in the circuit court after she filed her notice of appeal including an "Order to Vacate" and a "Preliminary Application for Relocation Assistance." Ms. Miller claims the documents violated the tenants' civil rights by denying them a place to stay and punishing them for the owners' mismanagement. Ms. Miller asserts that she is moving for "an order to vacate the order to vacate the property" as well as "a class action for financial compensation." She further argues that the trial court erred when it added her and all other tenants into the lawsuit filed against the owners and managers. Ms. Miller asks this court to take "full jurisdiction of further rulings/litigation."

¶ 20    As an initial matter, we note that no responsive briefs have been filed in this court by any party in this case. On March 1, 2023, we entered an order taking the case for consideration on the record and the appellant's brief only. *See First Capitol Mortgage Corp. v. Talandis Construction Corp.*, 63 Ill. 2d 128, 131-33 (1976).

¶ 21    An appellate court has an independent duty to determine whether it has jurisdiction to consider an appeal, regardless of whether the parties have raised the issue. *Secura Insurance Co.*

*v. Illinois Farmers Insurance Co.*, 232 Ill. 2d 209, 213 (2009). This court must dismiss an appeal if it lacks jurisdiction. *Legacy Re, Ltd. v. 401 Properties Ltd. Partnership*, 2023 IL App (1st) 220855, ¶ 16.

¶ 22    The appellate court's jurisdiction is restricted to reviewing appeals from final orders or judgments, absent a supreme court rule granting an exception. Ill. S. Ct. R. 301 (eff. Feb. 1, 1994); *EMC Mortgage Corp. v. Kemp*, 2012 IL 113419, ¶ 9. None of the exceptions apply in this case. See Ill S. Ct. R. 304 (eff. Mar. 8, 2016) (Appeals from Final Judgments that do not Dispose of an Entire Proceeding); Ill. S. Ct. R. 306 (eff. Oct. 1, 2020) (Interlocutory Appeals by Permission); Ill. S. Ct. R. 307 (eff. Nov. 1, 2017) (Interlocutory Appeals as of Right); Ill. S. Ct. R. 308 (eff. Oct. 1, 2019) (Certified Questions).

¶ 23    "A final judgment is a determination by the court on the issues presented by the pleadings which ascertains and fixes absolutely and finally the rights of the parties in the lawsuit." *Big Sky Excavating, Inc. v. Illinois Bell Telephone Co.*, 217 Ill. 2d 221, 232-33 (2005). A judgment is final if it determines the litigation on the merits such that, if affirmed, the only thing remaining for the trial court to do is execute the judgment. *Id.*

¶ 24    Here, Ms. Miller did not indicate on her notice of appeal the date of the judgment she is appealing. However, for her requested relief, she asked this court to strike a September 8, 2022, court date in the circuit court. The record shows that the order setting that court date was entered July 28, 2022. The July 28 order continued the general receivership, continued the City's request to vacate, continued the order for payment of reduced rental amounts of $400 per month, ordered the receivership to complete a feasibility study for the repairs to the property, and continued the cause to September 8. The record further shows that a feasibility study was completed and filed in

the circuit court on September 15, 2022, after Ms. Miller filed her notice of appeal, and that additional proceedings have since occurred in the circuit court.

¶ 25    The July 28, 2022 order from which Ms. Miller attempted to appeal did not determine the litigation on the merits and, thus, it was not a final and appealable order. *Big Sky Excavating,* 217 Ill. 2d at 232-33. Consequently, this court lacks jurisdiction to address the merits of this appeal and must dismiss the appeal. *Legacy Re, Ltd.*, 2023 IL App (1st) 220855, ¶ 16.

¶ 26                                    **CONCLUSION**

¶ 27    For these reasons, we dismiss this appeal for lack of jurisdiction.

¶ 28    Appeal dismissed.